Ms. Talley, when you are prepared, please proceed. Good morning. May it please the court, my name is Sylvia Talley and I represent the appellate Jonathan Wright. After a jury convicted Mr. Wright of possession with intent to distribute cocaine based, a little over 270 grams, he was sentenced to a mandatory life in prison. Mr. Wright was subject to the mandatory life imprisonment because the day before trial the government filed a 851 enhancement alleging that Mr. Wright's prior Arkansas convictions for possession with intent to distribute cocaine qualified as felony drug offenses. Following the passage of the First Act of 2018, Mr. Wright moved for a sentence reduction, arguing that extraordinary and compelling reasons warranted a reduction. First, he pointed out that he would not be subject to mandatory life because the FSA reduced the mandatory minimum from life to 25 years for those with two or more prior qualifying offenses. He also pointed out that the FSA amended the language, the prior conviction language, from felony drug offense to serious drug felony. He also argued that his Arkansas convictions under the Arkansas Code, annotated 564-401, did not qualify as serious drug felonies because Arkansas law encompasses all isomers of cocaine, whereas the federal law only encompasses optical and geometric isomers. Ultimately, the district court granted Mr. Wright's motion for a reduced sentence and reduced his life sentence to 420 months, which is approximately 35 years. It also imposed a 10-year term of supervised release. While this appeal was pending, President Biden also commuted his sentence from 420 to 330 months, which is approximately 27 and a half years. What is the impact of that on the issues before the panel? Well, the 420-month sentence is no longer in play, but the issues Mr. Wright raises are still, I'll say, still in play. If the court agrees that the district court should have considered Mr. Wright's arguments that his priors aren't serious drug felonies, he would be looking at a 10-year statutory mandatory minimum, and the court didn't consider that here. Also, President Biden didn't have to consider the 3553A factors like the district court must do in this circumstance. Did that answer your question, Judge Smith? Yes. Okay, thank you. In granting Mr. Wright's motion, the district court's reasoning and consideration of the 3553A factors is consistent with the 420-month sentence imposed. As I just mentioned, the district court refused to consider Mr. Wright's argument that his priors did not qualify as serious drug felonies for 851 enhancement purposes. Because the district court erred in doing so, that's why Mr. Wright's case is before you today. Starting with the serious drug felony argument, Mr. Wright is not asking this court to do something it hasn't already done. It's not asking the court to break new ground. It's only asking this court to follow its prior president and Myers and Owens, and to an extent, Heard and Henry. We know from those cases that if the Arkansas law encompasses even Isn't there a fundamental question, though, that whether a non-retroactive change in law can be considered a compelling reason for reduction? Isn't that something that has to come into play here? Yes, we have that in play. We have 1B1.13B6. Exactly. And didn't the Supreme Court just take cert on a case that might decide that question? That is correct. Should we then hold this decision pending the Supreme Court's decision? I don't think so because it came out favorably, and the district court ruled that 1B1.13 applied in our case, B6 applied in the case. In the government, they didn't cross-appeal that issue. So if the Supreme Court comes out the other way... Okay, I understand your argument. I'm sorry. Beginning with the serious drug felony argument, as this court held in Owens, Myers, Heard, Oliver, Henry, if the state statute encompasses even one additional isomer more than the federal drug law, then the Arkansas statute is overbroad. We have that here. Specifically, 564.401A1I, it provides that a person is not liable for any person to manufacture, deliver, or possess with intent to manufacture or deliver a controlled substance classified as Schedule I or Schedule II, which is a narcotic drug or meth. Arkansas law defined a narcotic drug as, among other things, as any drug which is defined as a narcotic drug by order of the Director of the Department of Health. We go to the Arkansas Administrative Codes to see what the Director of the Department of Health says a narcotic drug is, and it includes, among other things, cocaine and ecamine, and there's salts, isomers, derivatives, and salts of isomers and derivatives. This language includes no limiting language when it comes to isomers. And like this court held in Myers and Owens and Hurd and Henry and so forth, because of that non-limiting language, it includes all isomers of cocaine. And because it includes all isomers of cocaine, it is broader than the federal law definition, which is limited to optical and geometric isomers. As such, Mr. Wright's convictions under 564.401 do not qualify as serious drug felonies. To your knowledge, has Arkansas ever charged one of those isomers? No, not to my knowledge, Your Honor. But the statue on his face is a rod, so looking at the statue on his face is unambiguous and kind of plain language, it involves all isomers of cocaine. And we know that narcotic drug under 564.401 is indefensible because Arkansas Supreme Court's case, Pitts v. State, says that the simultaneous possession of drugs in A1I only constitute one offense. It constitutes one offense means that the controlled substances in that subsection are indivisible. And so, since Mr. Wright was convicted under 564.401, you can look at his charging document to say that, oh, his charging document lists cocaine, so he must have been convicted of cocaine. So, as Mr. Wright argued in his briefs, this court should remand for the district court with instructions to consider the lower statutory minimum of ten years. And, oh, I'm going to reserve the remainder of my time. Thank you. Mr. Webster. Your Honors, may it please the Court, my name is John Webster and I'm here today representing the United States. The issue before this court is whether or not the district court abused its discretion by not imposing a lower sentence than the one it imposed after it granted Mr. Wright's motion for a sentence reduction under 3582C1A. It did not. The district court followed the procedures set out in that statute. First, it found that there was an extraordinary and compelling reason for a sentence reduction, specifically the reason being that Mr. Wright's mandatory, you know, the mandatory sentence for Mr. Wright's offenses was changed from life to 25 years imprisonment. It then moved on and considered the 3553A factors to the extent they were applicable and determined that a sentence of 420 months was appropriate. Of course, that sentence is now through commutation been reduced further to 330 months. And then there's no dispute in this case regarding whether he established extraordinary and compelling reasons only for this case because there was no cross appeal. But Judge Grinder, you are correct. The Supreme Court is currently considering a case that would, you know, decide whether 1.13B. As I understood Ms. Talley's argument, it's that the district court failed to consider that retroactive change or wouldn't consider that. It considered it, Your Honor, and rejected it. I mean, it considered his argument that, you know, now his... It rejected it on the merits or rejected it as part of a 3553A analysis? I mean, it rejected it in the order. The court said that it had previously ruled in a separate case that, you know, the isomer argument raised by Mr. Wright was incorrect and it was not inclined to revisit that earlier ruling in this case. And I think there's an important reason why that matters here. And it's important to keep in mind that, you know, this is not an initial sentencing. This is a 3582C1A motion. So you're trying to defend the merits? And are you raising the 1.B. 1.13B.6? No, I'm not. If I gave that impression, I'm mistaken. I'm not... You didn't. As a matter of fact, you gave me just the opposite. It doesn't make any sense to me why you're not raising that. Well, I'm not raising it because there wasn't a cross appeal. And as far as I know, without a cross appeal, that issue is not properly before the court. Now, I would say that, you know, the United States would not oppose this court waiting for the, you know, Supreme Court of the United States to issue its decision on... Of course, if the issue is before the court, if I'm wrong, which I could be, you know, the Department's position is that 1.B. 1.13B.6 exceeds the Commission's authority and is therefore void. I'm not, of course, in any way you know, waiving that or taking that up for the Department. That is the Department's position. We simply did not argue that in this case because the decision was made not to file a cross appeal from Judge Miller's grant of the motion. So you're here solely on the merits? I'm here solely on whether or not Judge Miller, the district court, abused its discretion in determining the sentence. Abused its discretion in what? In doing what? In determining the new sentence to impose. Well, that raises the question for me in keeping with the first, I think, the first question that Judge Smith asked. Judge Miller's sentence is no longer there. Well, I... It's gone. We have the commuted sentence. How can we... Doesn't that moot this case? I don't think it does, Your Honor, simply because Mr. Wright is seeking, and even on the appeal, he's seeking basically an entry of an order of time served, which would be less than the commutation sentence. So I think the issue of whether a remand is warranted is still arguably in play. Did you find any law on this situation? No, sir. I did not. I looked at commutation. The only law I found was essentially the president can commutate a sentence for a reason he chooses and simply that it is not based on any of the same considerations necessarily that a district court undertakes in imposing a sentence. Well, counsel, in the absence of success on the legal arguments regarding the guidelines, what's the likelihood of there being a sentence below the commutation sentence? In this case, Your Honor? Yes. None. In our opinion, there is no likelihood that if this case were to be remanded, that the district court would impose a sentence below 330 months. And the reason for that is the district court went through all of the various factors and said, looking at all of this, taking into account the fact that even under the district court's view of the case, his mandatory minimum, if imposed today, would be 25 years. Took that into account and said under the 3553A factors, his request for a sentence of time served is not appropriate in this case. And that the appropriate sentence is 420. In saying that the mandatory minimum would have been 25 years, is he agreeing with the isomer argument or disagreeing with it? He's disagreeing with it. When he says 25 years, he would still be, the 25 years comes in if you have two or more serious... So by disagreeing with it, I think you keep saying this is an abuse of discretion. And had he agreed with it and said, I'm still going to give this sentence, then I agree with you. It might be an abuse of discretion type analysis. But where he says I disagree, and arguably he's wrong, don't we have a legal issue that maybe he has to go back and reconsider that? Not in the context of 3582C1A proceeding, Your Honor. It's different in an initial sentencing. But under 3582C1A, the district court isn't bound by the mandatory... I should say there's nothing in the statute indicating that the district court is in any way bound to consider the mandatory minimum when granting and imposing a new sentence. So you don't think that when the president commutes a sentence, that that replaces the judicially imposed sentence? It does, Your Honor. So how can we tamper with a sentence, a commuted sentence put in place by the president? I mean, I did not find any authority indicating that this court can. I'm simply... Our position and the problem is there's just really, at least per my poor skills, I found nothing on this issue. And when the court asked for our opinion on the effect of the commutation, the view was this doesn't render... We considered it a question of, is this now moot? And I'm not sure it's moot. I think it may change the court's analysis. It may change the ultimate decision. But he's still requesting on appeal, requesting something less than the commutation sentence. It just seems to me that there's a pretty good argument that Mr. Wright is no longer serving a judicially imposed sentence. You're correct, Your Honor. He's not. I think the issue is I don't know what impact that has. I couldn't find anything where something like this had happened in the middle of a case where it looks like the sentence itself is no longer in play, but the reasoning remains. I see I'm at the end of my time. If there are no further questions, I'll take my seat. Thank you, Mr. Webster. I think the government is incorrect when it says the district court didn't have to consider the fact that the lower statutory range would be applied if it agrees that the Arkansas isomers is broader than the federal law. Because the 3553A factors tells you that the kinds of sentences available is a factor that the court must consider. Also, regarding the district court's consideration of the 3553A factors, I believe this is consistent with the 420 months in an imposed because the district court recognized that murderers received lesser sentences than the one he imposed. And it also recognized that similar situated offenders received 151 months, which is three times less than the sentence he imposed here. And for the reasons I previously stated about how Arkansas's definition of isomers is broader than the federal definition, and Mr. Wright would be subject to the mandatory minimum of 10 years. And the district court's consideration of the 3553A factors is inconsistent with the sentences imposed. Mr. Wright requests that this court remand his case for resentencing. I think you answered this, but I just want to make sure. If your isomer argument is correct, the mandatory minimum is 10? That is correct. Thank you. Thank you, Ms. Talley. The court appreciates both counsel's participation and argument before the court. It's an interesting case, and we'll study it and render a decision in due course. Thank you.